UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIDGES ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13381** |
| **GUY ET AL** | **SECTION "L" (4)** |

### ORDER AND REASONS

Before the Court are a motion for summary judgment filed by Defendants Nathan Guy, MD & RD Properties, LLC, Mike Dykes Transport, and Wesco Insurance, R. Docs. 57, 69, and a motion for summary judgment filed by CMH Homes, Inc., R. Doc. 59. Plaintiffs oppose both motions. R. Doc. 72 (opposition to R. Docs. 57, 69); R. Doc. 71 (opposition to R. Doc. 59). Considering the parties' briefing, the applicable law, and the record, the Court now rules as follows.

I.  BACKGROUND

On April 30, 2019, Plaintiff Andrea Bridges was driving a vehicle in which Plaintiffs Erica Bridges and Cleo Bridges were passengers, eastbound on Ave. F.[1] R. Doc. 1-2 at 2. Defendant Nathan Guy was allegedly driving a vehicle southbound on Highway 51, hauling a double-wide mobile home. R. Doc. 16 at 1; R. Doc. 31 at 2. Plaintiffs allege that a tire fell off the vehicle driven by Guy and struck the vehicle occupied by Plaintiffs, causing all Plaintiffs to suffer injury. R. Doc. 16 at 1.

---

[1] Plaintiffs' pleadings do not further specify their location.

1

At the time of the incident, Guy was allegedly hauling the mobile home "in furtherance of business for CMH Homes, Inc.," doing business as Clayton Homes ("CMH Homes"), the seller of the mobile home; "Clayton Homes, Inc., a wholly owned subsidiary of Berkshire Hathaway, Inc., and the successor corporation of Clayton Homes, Inc.," ("Clayton Homes"); and "Southern Energy Homes, Inc. a direct or indirect subsidiary of Clayton Homes, Inc." ("SE Homes"). R. Doc. 67 at 3. Defendant Wesco Insurance Company ("Wesco Insurance") allegedly insured the vehicle driven by Guy. R. Doc. 1-2 at 3.

On September 5, 2019, Plaintiffs filed suit in the 21st Judicial District Court for the Parish of Tangipahoa against Guy, Mike Dykes Transport ("MD Transport"), and Wesco Insurance. R. Doc. 1-2. On October 31, 2019, Defendants removed the case to this Court on the basis of diversity jurisdiction. R. Doc. 1. Plaintiffs then added MD & RD Properties, LLC ("MD&RD") and CMH Homes as additional defendants, R. Doc. 31, and later added as defendants Clayton Homes and SE Homes. R. Doc. 67. Plaintiffs assert negligence claims against Defendants Guy, MD Transport, and MD&RD. R. Doc. 67 at 2. Plaintiffs allege, *inter alia*, that these Defendants failed to perform a proper pre-trip inspection of the mobile home and trailer and to obey traffic rules. Plaintiffs also allege that, at the time of the incident, Defendant Guy was acting in the course and scope of his employment with Defendants MD Transport, CMH Homes, Clayton Homes, and SE Homes. R. Doc. 67 at 3.

Plaintiffs further allege that Clayton Homes "engaged in a years-long scheme to recycle the axle and wheel system on its manufactured homes and reuse the recycled axle and wheel assembly/hub systems in newly constructed manufactured homes built by" SE Homes and sold by SE Homes and CMH Homes. *Id.* Plaintiffs allege negligence on the part of Clayton Homes and SE Homes in incorporating a "recycled and/or defective axle and wheel assembly/hub

2

systems" into its "newly manufactured double-wide manufactured homes" when these Defendants knew that the homes would interact with conditions while being transported that could cause damage to a used axle. *Id.* Last, Plaintiffs allege that CMH Homes was negligent in selling and arranging for the transport of double-wide manufactured homes that incorporated a used or recycled "axle and wheel assembly/hub system" and in failing to perform a proper inspection of the "recycled axle and wheel assembly/hub system" prior to "release[ing] the manufactured home to a transport company for delivery." *Id.* at 4.[2]

## II.   PRESENT MOTIONS

There are two motions for summary judgment before the Court. First, Defendants Nathan Guy, MD Transport, Wesco Insurance, and MD&RD (collectively, "MD Associated Defendants") argue that they are entitled to summary judgment on all claims asserted against them. R. Doc. 57, 69. These Defendants contend that Plaintiffs cannot establish that Defendants owed Plaintiffs any duty "beyond that of conducting a reasonable inspection prior to transport" and that they conducted such a reasonable inspection. R. Doc. 57 at 1. Because Plaintiffs cannot establish an essential element of their negligence claim—namely, breach of duty— MD Associated Defendants argue that summary judgment is due. These Defendants also assert that Plaintiffs cannot show that they had custody or *garde* of the manufactured home as required to establish liability under Louisiana Civil Code article 2317. R. Doc. 57-1 at 7-9.

Plaintiffs oppose the motion. They contend that Defendants' motion is premature and that further discovery is required to determine whether a proper inspection of the manufactured home was conducted. R. Doc. 72 at 10-11. Plaintiffs also argue that discovery is needed to determine whether MD Transport was involved in the alleged cost-saving scheme of recycling axle/wheel

---

[2] This matter was originally assigned to Judge Feldman but was reallotted to this Section upon Judge Feldman's passing.

assembly hubs from other manufactured homes. If MD Transport was involved in such an operation, then Plaintiffs assert that MD Transport would have been under a "higher duty" to thoroughly inspect the axle/wheel assembly hub. *Id.* at 10. In addition, Plaintiffs note that they are actively moving forward with undertaking discovery that bears on these Defendants liability; specifically, Plaintiffs have requested the Federal Rule of Civil Procedure 30(b)(6) deposition of MD&RD and the deposition of Defendant Guy and are waiting for defense counsel to respond with available dates.

Next, Defendant CMH Homes argues that it should be granted summary judgment. R. Doc. 59. CMH Homes specifically contends that it is not vicariously liable for the alleged negligence of Defendant Nathan Guy. R. Doc. 59-1 at 6-12. CMH Homes maintains that, despite Plaintiffs' allegation that Guy was employed by CMH Homes, the record evidence clearly demonstrates that it never had a contract with Guy, let alone an employment relationship. And since CMH Homes did not employ Guy, CMH Homes argues it cannot be vicariously liable for any negligence attributable to Guy. CMH Homes also asserts that if MD Transport and Nathan Guy's motion for summary judgment is granted, then Plaintiffs' claims against it are prescribed. *Id.* at 12-13.

In opposition, Plaintiffs reiterate the arguments made in response to the other Defendants' motion for summary judgment—namely, that motion for summary judgment is premature and that Plaintiffs are diligently engaging in discovery that will bear on CMH Homes's liability. R. Doc. 71 at 7-9. In particular, Plaintiffs argue that further discovery is needed regarding the entity that "recertified the recycled axle/wheel assembly hub," which contained a defect that caused it to dislodge from the manufactured home during transport. *Id.*

### III. LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party' s case, and on which the party will bear the burden of proof at trial." *Id.* The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

"A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008); *Int' l Shortstop, Inc. v. Rally' s Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). However, "conclusory allegations," "unsubstantiated assertions," or "only a 'scintilla' of evidence" are not sufficient to show a genuine dispute of material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**IV.    DISCUSSION**

The Court finds that the pending motions for summary judgment must be denied as premature. Under Federal Rule of Civil Procedure 56(d), if a party opposing a motion for summary judgment shows, by affidavit or declaration, that for "specified reasons" it cannot present facts essential to justify its opposition, the Court may deny the motion to enable the non-movant to obtain needed discovery. This Rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

Here, Plaintiffs provide a declaration and supporting exhibits that persuade the Court that further discovery may raise genuine issues of fact that preclude summary judgment. *See* R. Doc. 72-2-72-6. Regarding their negligence claims against MD Associated Defendants, Plaintiffs allege that these Defendants failed to conduct a reasonable inspection of the mobile home before transporting it. And Plaintiffs are affirmatively pursuing discovery that will directly bear on this issue—they have scheduled or requested dates to take the individual or corporate depositions of MD Associated Defendants. Plaintiffs ought to be able to engage in this discovery as it is vital to their ability to meaningfully oppose MD Associated Defendants's motion for summary judgment.

In addition, Plaintiffs' claims against MD Associated Defendants under Louisiana Civil Code article 2317 turn on fact-intensive issues regarding these Defendants' control over the mobile home. Plaintiffs must likewise be afforded the opportunity to take depositions and utilize other discovery devices to adequately prosecute this claim. The Court also notes that the discovery deadline is presently set for September 12, 2022. R. Doc. 47.[3] Plaintiffs' thus may

---

[3] The Court notes that Plaintiffs have filed an unopposed motion to continue trial and related dates. R. Doc. 74. The Court will set a status conference to discuss this motion.

conduct the discovery they seek within the current discovery cut offs. This factor also weighs in favor of denying MD Associated Defendants' motion for summary judgment as premature.[4]

For similar reasons, CMH Homes's motion is premature. CMH Homes argues that it cannot be vicariously liable for any negligence on the part of any MD Associated Defendant because it did not exercise a sufficient level of control over any of these Defendants. But control turns on facts. And those facts can only be obtained by Plaintiffs through discovery. The depositions Plaintiffs seek to take—including the corporate deposition of CMH Homes, which is scheduled for July 5, 2020—will likely furnish Plaintiffs with the facts concerning the level of control, if any, CMH Homes exercised over MD Associated Defendants. The Court will thus permit Plaintiffs time to conduct these crucial depositions.

Furthermore, although CMH Homes asserts that Plaintiffs claims against it sound only in vicarious liability, Plaintiffs also plead direct negligence on the part of CMH Homes. In their most recent pleading, Plaintiffs specifically allege that CMH Homes incorporated a "recycled axle and wheel assembly/hub system[]" into the manufactured home "without implementing proper safety protocols." R. Doc. 67 at 4. They also allege that CMH Homes failed to inspect properly the "recycled axle and wheel assembly/hub system . . . before releasing the manufactured home" for transport. R. Doc. 67 at 4. These claims are not addressed by CMH Homes in its motion for summary judgment and therefore remain pending.[5]

---

[4] The Court also observes that new counsel recently enrolled on behalf of Plaintiffs and that said counsel appears to be diligently pursuing discovery.

[5] CMH Homes did not discuss these claims in its motion because they were raised for the first time in Plaintiffs' most recent pleading, R. Doc. 67, which was filed after CMH Homes filed its present motion for summary judgment, R. Doc. 59. Thus, it is understandable that CMH Homes did not address these newly-raised claims. But the fact that Plaintiff has filed a new pleading that alleges new claims of liability against CMH Homes provides additional reason to deny CMH Homes's motion. *Cf. Ledford v. Eastern Band of Cherokee Indians*, No. 1:20-CV-005, 2020 WL 1042235 at 1 (W.D.N.C. March 3, 2020) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot").

In sum, Plaintiffs have made the showing required under Rule 56(d) to be allowed additional time to undertake discovery needed to oppose Defendants' motions for summary judgment. Accordingly, the Court will deny without prejudice the pending motions. Defendants may re-urge their motions at an appropriate time such that this matter may be decided on its merits.

### V.  CONCLUSION

For these reasons,

**IT IS ORDERED** that the motion for summary judgment filed by Defendants Nathan Guy, MD Transport, Wesco Insurance, and MD&RD, R. Docs. 57, 69, and the motion for summary judgment filed by Defendant CMH Homes, R. Doc. 59, are **DENIED** without prejudice to Defendants' right to re-file their motions after an appropriate period for further discovery.

**IT IS FURTHER ORDERED** that Plaintiffs' "Unopposed Omnibus Motion to Continue Trial and Related Dates." R. Doc. 74, is **GRANTED**. The trial, pretrial conference, and all pretrial deadlines are continued until further order of this Court. Once all pertinent entities have been served and made party to this case, the Court will schedule a status conference for the purpose of resetting the trial and pretrial dates.

New Orleans, Louisiana, this 5th day of July, 2022.

*[signature]*

**UNITED STATES DISTRICT JUDGE**